FILED
09/03/2025
*Sandy Erhardt*
CLERK
Gallatin County District Court
STATE OF MONTANA
By: Amariah Mitchell
DV-16-2025-0001329-DK
Breuner, Andrew
1.00

John L. Amsden, Esq.
Sydney E. Best, Esq.
Sam J. Johnston, Esq.
BECK, AMSDEN & STALPES, PLLC
610 Professional Drive
Bozeman, Montana 59718
Tel:   (406) 586-8700
Fax:   (406) 586-8960
amsden@becklawyers.com
sydney@becklawyers.com
sam@becklawyers.com
info@becklawyers.com

*Attorneys for Plaintiff*

* * * * * * *

# MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
# GALLATIN COUNTY

* * * * * * *

| | |
|---|---|
| BOZEMAN MULTI-LEVEL SHOPPING COMPLEX a/k/a BOZEMAN HOTEL OWNERS' ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOZEMAN, a municipal corporation,<br><br>Defendant. | Cause No: _____<br><br>*CV-25-98-BU-TJC*<br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR INVERSE CONDEMNATION AND UNCONSTITUTIONAL TAKING** |

Plaintiff Bozeman Multi-Level Shopping Complex, also known as Bozeman Hotel Owners' Association, by and through its counsel of record, and on its behalf

and on behalf of the individual owners, for this Complaint against the above-named Defendant, complains and alleges as follows:

## INTRODUCTION

This action seeks declaratory and injunctive relief, and damages, arising from the City of Bozeman's unlawful approval of a site plan (Application No. 24147) for the development of a boutique hotel at 302 East Mendenhall. The City's approval violates Bozeman's Code of Ordinances and contradicts both the letter and the intent of the City's long-standing planning policies.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Bozeman Multi-Level Shopping Complex, also known as the Bozeman Hotel Owners' Association ("BHOA") is a Montana entity whose members own and operate the historic Bozeman Hotel at 321 East Main Street in downtown Bozeman.

2. Defendant City of Bozeman ("the City") is a municipal corporation and political subdivision of the State of Montana.

3. This Court has subject matter jurisdiction, including pursuant to Montana Code Annotated § 3-5-302(c).

4. This Court has personal jurisdiction pursuant to Montana's Long Arm Statute and the Due Process Clause of the U.S. Constitution, including because: Defendant may be found in Montana; transacts business in Montana; owns, uses, or

possesses property, or an interest therein, in Montana; and/or enter into contracts in Montana; and because the claims asserted arise out of Defendant's activities within the State. Mont. R. Civ. P. 4(b).

5. Venue is proper in Gallatin County pursuant to Montana Code Annotated § 25-2-126.

## GENERAL ALLEGATIONS

6. The Bozeman Hotel ("the Hotel") has operated continuously since 1891. The Hotel is among the most historically and commercially significant structures in downtown Bozeman.

7. The Unified Development Code of the City of Bozeman ("UDC") division 38.540 governs the City's parking, and is designed to "ensure provision of off-street motor vehicle parking," and "to provide functional parking areas adequate to the needs of users . . . [and] avoid the negative impacts associated with spillover parking into adjacent neighborhoods." UDC § 38.540.010(A).

8. At bottom, the UDC's parking provisions are intended to ensure a balance between the supply of and demand for parking in downtown Bozeman. *Id.* ("The purpose of this division . . . is to ensure provision of off-street motor vehicle parking . . . in rough proportion to the generalized parking and transportation demands.")

9. To maintain that balance, UDC § 38.540.050 sets out the parking spaces the City requires for various uses, which "must be provided and maintained by ownership, easement and/or lease for and during the life of the respective uses."

10. One way parking requirements may be met are through an applicant's development of required parking spaces. UDC § 38.540.070(A)(1) (requiring off-site parking to "be *developed* and maintained in compliance with all requirements and standards of the UDC" (emphasis added).

11. Alternatively, parking compliance may be met through compliance with the UDC's joint use provision. UDC § 38.540.060(A) ("can be provided to serve two or more individual land uses without conflict or encroachment").

12. Joint use is allowed only if, *inter alia*, the applicant shows "that there is no substantial overlap in the operating hours of the two buildings or uses for which joint use of off-street parking facilities is proposed" and "[a] properly drawn legal instrument, executed by the parties concerned for joint use of off-street parking facilities, duly approved as to form and manner of execution by the city attorney," is filed with the city clerk and recorded with the county clerk and recorder. UDC § 38.540.060(B)(2), (3).

13. Further, the City has adopted and reaffirmed the Downtown Urban Renewal Plan ("URP"), most recently amended in 2015. The URP emphasizes:

maintaining Bozeman's "working" downtown character; prioritizing destination access; respecting private property rights; and encouraging cooperation—not displacement—between stakeholders.

14. To satisfy the City's requirements and purpose of the UDC and URP, the Hotel has long-relied on a lease for off-site parking at the southwest corner of Rouse Avenue and Mendenhall Street.

15. The City previously approved the Hotel's lease as compliant with the UDC's parking requirements.

16. On or about March 25, 2024, the City received and later approved Application No. 24147 for the development of a boutique hotel at 302 E. Mendenhall.

17. The boutique hotel site includes the Hotel's off-site parking spaces, and the City's approval of the application for the boutique hotel eliminates them.

18. Specifically, the boutique hotel applicant proposes to take over the Hotel's leased parking lot and reassign it for exclusive use by the new hotel, displacing the Hotel's zoning compliance and upsetting the balance between parking supply and demand.

19. City staff represented to the City Commission that the application for the boutique hotel was "code compliant," and further stated that the Hotel's operations

would remain unaffected. These statements were factually false, misleading, and material to the City Commission's 3–2 vote to approve the application.

20. In addition, the City's approval was predicated on a misleading traffic impact study submitted that materially misrepresented projected traffic volumes and circulation impacts.

21. The City's approval of Application No. 24147 was arbitrary and capricious, because it rested on materially false and misleading information, including the defective traffic impact study and staff representations, and because it disregarded mandatory provisions of the UDC and the URP.

22. Plaintiff has exhausted all administrative remedies, or alternatively, no adequate administrative remedy exists to redress the harms caused by the City's unlawful approval of Application No. 24147.

23. By authorizing the elimination of the Hotel's vested parking rights in favor of a new entrant, without compensation or mitigation, the City has violated both the letter of the UDC and the spirit of the URP.

## COUNT I – DECLARATORY RELIEF

24. Plaintiff realleges all paragraphs of this Complaint as though fully set forth herein.

25. The City's approval of Application No. 24147 violates the following provisions of the UDC: UDC § 38.540.050 (requirements for number of parking spaces); UDC § 38.540.070 (requirement that parking be developed); and UDC § 38.540.060 (shared parking requirements, which were not satisfied).

26. Plaintiff seeks a declaratory judgment under § 27-8-201, MCA, declaring that the City's approval is unlawful and void.

## COUNT II – INVERSE CONDEMNATION

27. Plaintiff realleges all paragraphs of this complaint as though fully set forth herein.

28. By reassigning the Hotel's off-site parking—previously approved as satisfying zoning requirements—the City has deprived Plaintiff of economically viable use of its property without compensation, in violation of Mont. Const. Art. II, § 29.

29. The reallocation has resulted in the Hotel's loss of zoning compliance, customer access, and operation viability, causing measurable financial harm and diminished use.

30. In addition, the Hotel's value, and the value of its members' interests, have been substantially diminished due to the loss of approved parking and attendant operational capacity.

31. Plaintiff is informed and believes that no other off-site parking within 1,000 feet is available or zoned for compliant substitution, leaving Plaintiff with no viable means to restore its zoning compliance.

32. Plaintiff is entitled to just compensation for this regulatory taking.

## COUNT III – UNCONSTITUTIONAL TAKING AND DUE PROCESS VIOLATION

33. Plaintiff realleges all paragraphs of this complaint as though fully set forth herein.

34. Plaintiff held a valid lease for off-site parking, previously approved by the City as satisfying zoning requirements. This leasehold, coupled with the City's zoning approval and the Hotel's expectation of continued historic operations, created a vested, constitutionally protected property interest in continued lawful operation.

35. The City's approval of the application constitutes a taking without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

36. The City failed to provide Plaintiff with a meaningful process regarding the reallocation of parking rights, the opportunity to be fully heard, or any administrative appeal prior to stripping its parking rights in favor of a competitor.

37. Plaintiff is entitled to damages and equitable relief under 42 U.S.C. § 1983, including attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court:

1. Declare the City's approval of Application No. 24147 to be unlawful and void;

2. Enjoin the City from issuing building permits, site plans, or occupancy certificates for the Boutique Hotel until all zoning and constitutional violations alleged herein are remedied;

3. Award damages for inverse condemnation;

4. Award damages and attorneys' fees under 42 U.S.C. § 1983 for constitutional violations;

5. Award costs, fees, and such other relief as the Court deems just and proper.

DATED this 3rd day of September 2025.

          BECK, AMSDEN & STALPES, PLLC

          /s/ *Sam J. Johnston*
          Sam J. Johnston, Esq.
          BECK AMSDEN & STALPES, PLLC

          *Attorneys for Plaintiff*